483 So.2d 22 (1985)
Todd Andrew GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-274.
District Court of Appeal of Florida, Second District.
December 11, 1985.
James Marion Moorman, Public Defender and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
*23 RYDER, Chief Judge.
On March 1, 1984, Gordon pled nolo contendere to the crime of burglary of a conveyance which was committed on October 18, 1983. Gordon was placed on probation for five years with conditions of probation which included a required payment of $500.00 to the Lee County Fine and Forfeiture Fund. Gordon was also ordered to undergo drug abuse counseling at the Lee County Mental Health Department.
A warrant was issued on June 29, 1984 charging Gordon with violating five conditions of his probation. The warrant alleged that Gordon had failed to submit written monthly reports, pay the cost of supervision, changed his residence or employment or had left the county without prior consent of his probation officer, failed to pay the $500.00 assessment to the Lee County Fine and Forfeiture Fund, and that he had failed to enter into the drug counseling program at the Lee County Mental Health Department. A hearing on the charges was held on September 10, 1984. Gordon entered a plea of guilty as charged. The trial judge, rather than revoking Gordon's probation, entered an order of modification requiring Gordon to serve ninety days in the Lee County Jail with credit for time served, and included an additional condition of probation which was to require Gordon to enroll in and successfully complete a drug abuse rehabilitation program offered by an organization called Treatment Alternatives to Street Crimes. Later, another warrant was executed on November 20, 1984, alleging that Gordon had violated his probation again by failing to report to his probation officer, failure to pay cost of his supervision, use of marijuana evidenced by urinalysis on October 10, 1984, failure to comply with instructions from his probation officer to pay $100.00 toward the cost of his supervision, failure to comply with instructions from the probation officer to contact the manager of the Treatment Alternatives to Street Crimes organization, and failure to successfully complete that program.
At this juncture, after hearing was held, the trial court revoked Gordon's probation and sentenced Gordon to five years in the state prison. The five-year sentence was a departure from the recommended guidelines sentence, which was any nonstate prison sanction. The judge gave as his reason for the departure the fact that Gordon had violated his probation twice for substantially the same causes. It is proper for a trial judge to depart from the sentencing guidelines using a second violation of probation by a defendant as a basis for doing so. Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985). We, therefore, affirm the judgment and sentence entered herein.
However, there is a discrepancy in the amount of credit for time served indicated on the written sentencing document (74 days) and that reflected on the order of revocation of probation (118 days). Therefore, we remand this portion of the case to the trial court with instructions to determine which number is the appropriate credit for time served by Gordon and to issue an order accordingly.
Affirmed, but remanded with instructions.
SCHOONOVER and LEHAN, JJ., concur.