484 So.2d 633 (1986)
Rene MARTINEZ-DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 85-677.
District Court of Appeal of Florida, Second District.
March 5, 1986.
James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant appeals from the trial court's imposition of a sentence enhanced beyond the guideline range. We reverse and remand for resentencing within the presumptive guideline range.
Appellant was charged by information with unarmed burglary of an occupied dwelling in violation of section 810.02, Florida *634 Statutes (1983), and grand theft of an automobile in violation of section 812.014, Florida Statutes (1983). A jury found appellant guilty. The presumptive range recommended pursuant to the sentencing guidelines was community control or twelve to thirty months incarceration. The trial court departed from the guidelines and sentenced appellant to three years imprisonment on the burglary charge and to two years imprisonment on the grand theft charge to run consecutively.
The court's reasons for departure, as set forth in a separate written order, were as follows:
1. The Defendant has previously been afforded an alternative from incarceration in an attempt toward rehabilitation and has shown a disregard for said alternative avenue of rehabilitation.
2. The Defendant is a threat to the people and property of the State of Florida as long as he remains at liberty.
3. The recommended range of twelve to thirty months incarceration under the sentencing guidelines is not reasonable under the facts and circumstances of this case.
4. Due to the nature of this crime, and the reasons set forth above, this Court finds that the sentencing guidelines are inappropriate and do not meet the requirements of this case.
Focusing on the trial court's first reason for departure, an examination of the record reveals that the "alternative from incarceration" referred to was an opportunity for appellant to undergo psychological counseling in conjunction with a previous offense committed in Dade County. Since the counseling was connected with a past offense, appellant's refusal to undergo such treatment is not a proper reason for deviation. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Additionally, the invalidity of reason one is magnified by the fact that the treatment was noncompulsory. See Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985).
Reasons two, three and four are impermissible reasons for departure because they do not meet the "clear and convincing" standard set forth in Florida Rule of Criminal Procedure 3.701(d)(11). Hendrix. We find it necessary to characterize reasons two, three and four as "broad and general." Clearly, "broad and general" does not equate with "clear and convincing." See Fla.R.Crim.P. 3.701(d)(11).
Based on the foregoing, the sentences are reversed and the case is remanded for resentencing within the presumptive range recommended pursuant to the sentencing guidelines.
LEHAN and SANDERLIN, JJ., concur.