490 So.2d 53 (1986)
Deborah Ann ADAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 67705.
Supreme Court of Florida.
June 26, 1986.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, App. Div., Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
We granted review of Adams v. State, 474 So.2d 908 (Fla. 5th DCA 1985), because the district court affirmed Adams' conviction and sentence based on Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984). which we quashed. 476 So.2d 158 (Fla. 1985). After reviewing the instant record, we find no conflict with our Albritton and dismiss the jurisdictional petition.
In its Albritton the district court held that (1) a sentence departing from the recommended guidelines sentence can be upheld if supported by any valid reason for departure and (2) the guidelines place no restriction on the length of a departure *54 sentence, the only limitation being the statutory maximum sentence. In our Albritton we held that if a trial court relies on both valid and invalid reasons for departure, a defendant must be resentenced unless the state can show beyond a reasonable doubt that the invalid reason(s) did not affect the sentence. We also specifically quashed the district court's holding the only lawful limitation on sentence to be the statutory maximum and held that the extent of departure is subject to appellate review with abuse of discretion being the standard for that review. We see no conflict with our Albritton because here (1) the trial court gave only one reason for departure, (2) that single reason is valid, and (3) Adams has shown no abuse of discretion in the trial court's departing from the recommended guidelines sentence.
The trial court's uncontradicted statement at sentencing reveals that Adams pled guilty to forgery and uttering a forgery, for which she received a term of probation. She then violated that probation and the trial court again placed her on probation, extending the term and giving her a 364-day sentence of imprisonment as a condition of probation, but reduced that to time served. When Adams again violated probation, she received twenty-four months of community control. The instant case stems from her violation of community control.[1]
The trial court sentenced Adams to two consecutive four-year terms of imprisonment. As the reason for departing from the original recommended sentence of any nonstate prison sanction, the trial court wrote: "Defendant was previously placed on probation and has twice been found to have violated the terms of her probation." (Emphasis supplied.) This reason for departure is amply supported by the record and is valid.[2] The four-year sentences are below the statutory maximum,[3] and Adams has shown no abuse of discretion in the trial court's departing from the recommended sentence or the extent thereof.
The actions of the trial court and the district court's resolution of this case are consistent with Albritton, and we see no need to remand for the district court to reconsider this case in light of that case. There being no conflict with Albritton, we dismiss Adams' jurisdictional petition.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
NO MOTION FOR REHEARING WILL BE ENTERTAINED BY THE COURT. SEE FLA.R.APP.P. 9.330(d).
NOTES
[1] While under community control, Orange County authorities arrested Adams at different times for child abuse and petit theft and possession of cannabis. She pled guilty to these charges and received two concurrent ten-day sentences and further probation. In the instant case the court found that Adams violated her community control conditions by failing to file reports and keep in contact with her supervisor, by falsifying reports (among other things, she never reported her arrests), and by failing to perform the required days of community service.
[2] The fifth district has held that violating probation can be used to bump a sentence to the next single higher cell, but that further departure must be supported by another reason or reasons, Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985), and, also, that multiple probation violations can support a departure of more than one cell. Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985).
[3] Five years, § 775.082(3)(d), Fla. Stat. (1985).