497 So.2d 718 (1986)
Anthony HENDSBEE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2054.
District Court of Appeal of Florida, Second District.
November 12, 1986.
James Marion Moorman, Public Defender and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
We hold that appellant was properly convicted of one count of aggravated battery and two counts of aggravated assault.
We affirm his sentences for Counts II and III and reverse his sentence for Count I. The trial court's reasons for departure from the sentencing guidelines on Count I were invalid. The four reasons for departure and an analysis of their invalidity follows:

Probation violation.
An appellant's probation violation may not be used to depart from the sentencing guidelines. Probation is already taken into account in the sentencing guidelines scoresheet. Riddle v. State, 488 So.2d 903 (Fla. 5th DCA 1986).

Victim injury.
An element of aggravated battery, victim injury, is scored on the scoresheet. Victim injury may not be figured into the scoresheet and also used to depart from the sentencing guidelines. Scurry v. *719 State, 489 So.2d 25 (Fla. 1986); Hendrix v. State, 475 So.2d 1218 (Fla. 1985).

Disregard for the criminal justice system.
An appellant's disregard for the criminal justice system may not be used to depart from the sentencing guidelines. Scott v. State, 488 So.2d 146 (Fla. 3d DCA 1986).

Factors relating to a different offense.
The trial court may not use factors related to an offense for which conviction was not obtained to depart from the sentencing guidelines. Dawkins v. State, 487 So.2d 63 (Fla. 2d DCA 1986).
We affirm appellant's convictions and sentences for Counts II and III. We reverse appellant's sentence for Count I and remand for resentencing within the guidelines presumptive sentencing range.
Affirmed in part; reversed in part and remanded for resentencing.
SCHEB, A.C.J., and SCHOONOVER, JJ., concur.