508 So.2d 1332 (1987)
Melvin J. WEATHERS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-2008, 85-2009.
District Court of Appeal of Florida, Second District.
June 26, 1987.
*1333 James Marion Moorman, Public Defender, Bartow, and Stephen Krosschell, Asst. Public Defender, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
In each of these consolidated appeals, appellant challenges his sentence. For the reasons stated below, we affirm appellant's sentence in appeal number 85-2009 and reverse his sentence in appeal number 85-2008.
In case number 83-5006 (appeal number 85-2009), on August 26, 1983, appellant pleaded guilty to aggravated assault and was placed on five years' probation. On June 1, 1984, appellant pleaded guilty to burglary in case number 84-2132 (appeal number 85-2008) and was placed on probation, with the special condition that he serve 364 days in county jail. On the same day, the trial court modified appellant's probation in case number 83-5006 to require appellant to serve 364 days in county jail, concurrently with case number 84-2132.
On June 20, 1985, appellant's probation in both cases was further modified, as a result of various violations, to require him to spend one year in Tampa Probation and Restitution Center.
On August 22, 1986, the trial court revoked appellant's probation in both cases and sentenced him to concurrent terms of five years' imprisonment on each charge, with credit for time served. At the sentencing hearing, appellant's counsel advised the trial court that the presumptive guidelines sentence was any nonstate prison sanction. No guidelines scoresheet appears in the record. The trial judge stated that he was exceeding the guidelines based on appellant's "prior record and his prior violations and this offense and all other offenses and violations." The trial judge then directed someone to prepare a written order of his reasons for departure. The trial court's "Order of Aggravating Circumstances" stated:
The Court has found the defendant to have a prior record of burglary related offenses and has violated the terms and conditions of his probation on at least two (2) occasions. Furthermore, the defendant has displayed a pattern of behavior which indicates that he is a threat to society and has shown a total disregard for the criminal justice system.
We first address appellant's contention that his sentence in case number 83-5006 must be reversed and remanded so that he may affirmatively elect to be sentenced under the guidelines. This point is without merit. Appellant's offense in case number 83-5006 occurred prior to October 1, 1983, the effective date of the sentencing guidelines. Appellant did not affirmatively select to be sentenced under the guidelines in case number 83-5006; therefore, his sentence in that case is not a guidelines sentence. Accordingly, we affirm this sentence. See Diaz v. State, 487 So.2d 1225 (Fla. 2d DCA 1986).
Appellant next contends that the trial court did not provide clear and convincing reasons for departure in case number 84-2132. Prior record is an invalid reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Additionally, "threat to society" and "disregard for criminal justice system" are invalid reasons for departure under the facts of this case. See Williams v. State, 492 So.2d 1308 (Fla. 1986); Hendsbee v. State, 497 So.2d 718 (Fla. 2d DCA 1986); Reid v. State, 488 So.2d 913 (Fla. 2d DCA 1986); Martinez-Diaz v. State, 484 So.2d 633 (Fla. 2d DCA 1986). Cf. Santana v. State, 507 So.2d 680 (Fla. 2d DCA 1987) ("lack of respect for the law" valid reason for departure where defendant did not appear for disposition of delivery of cocaine violation and very next day committed offenses of delivery of a counterfeit controlled substance and carrying a concealed firearm); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985) ("disregard for criminal justice system" valid reason for departure when based upon defendant's "escalating criminal involvement").
*1334 We do, however, conclude that the fact that appellant violated his probation on two occasions is a clear and convincing reason for departure. See Adams v. State, 490 So.2d 53 (Fla. 1986); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985).
The state has not proven beyond a reasonable doubt that the trial court would have departed solely on the basis of the permissible reason. See Albritton v. State, 476 So.2d 158 (Fla. 1985). Further, our review of the record does not convince us that the absence of the invalid reasons, especially the prior convictions, would have affected the trial court's departure. See Casteel v. State, 498 So.2d 1249 (Fla. 1986). Accordingly, we reverse appellant's sentence in case number 84-2132, and remand for resentencing. Upon remand, the trial court is directed to prepare a scoresheet to be used in determining appellant's presumptive sentence. See Gause v. State, 491 So.2d 320 (Fla. 2d DCA 1986).
Affirmed in part, reversed in part, and remanded for resentencing.
CAMPBELL, A.C.J., and HALL, J., concur.