DANAHY, Chief Judge.
The appellant challenges his upward departure sentences for the offenses of dealing in stolen property and possession of cocaine. We affirm.
On December 17,1984, the appellant pled no contest to charges of possession of marijuana, possession of cocaine, and dealing in stolen property. The trial judge placed the appellant on probation for these offenses. Four months later an affidavit was filed charging the appellant with violations of probation. On August 1, 1985, the appellant pled guilty to the offense of probation violation for possession of cocaine and dealing in stolen property. The trial judge revoked probation and placed the appellant in a community control program for a period of 18 months.
Five months later another affidavit was filed charging the appellant with violation of community control conditions, including the use of cocaine. On March 13,1986, the trial judge found the appellant guilty of violating community control. The trial judge revoked community control, ordered the appellant to reside in the county jail for sixty days and placed him on a community control program for a period of two years.
Four months after that, the appellant was charged with two counts of possession and delivery of cocaine. As a result of plea bargaining, the appellant pled guilty to these two charges and admitted to a violation of community control. The appellant was then sentenced on the 1984 offenses of dealing in stolen property and possession of cocaine. He received a sentence of fifteen years for dealing in stolen property and five years for possession of cocaine, the sentences to run consecutively. These sentences represented an upward departure from the guidelines recommended range.
On the bottom of the guidelines score-sheet, under “reasons for departure,” the trial judge wrote “3rd V.O.P., defendant continues to use, abuse, and deal in drugs. Has exhibited no inclination whatever for complying with laws re illegal drugs.” We view this statement as expressing one reason for the departure — multiple violations of probation or community control. We decline the defendant’s suggestion that the trial judge’s written statement be divided into three separate reasons and analyzed on that basis. In the context of this case, we believe the trial judge’s reference to the defendant’s continued use, abuse and dealing in drugs refers to the nature of the probation or community control violations. The comment that the defendant shows no inclination to comply with the laws regarding illegal drugs is another way of saying that the appellant has failed in three attempts at rehabilitation.
Multiple violations of probation support a departure sentence. DePaul v. State, 505 So.2d 659 (Fla. 2d DCA 1987); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985).
We, therefore, affirm the departure sentence in this case.
CAMPBELL and HALL, JJ., concur.