HALL, Judge.
Horace Pullens appeals from his final judgment and sentence for grand theft. He raises two points on appeal, but we find merit only in his contention that the final judgment incorrectly reflects a conviction for robbery rather than grand theft. We reverse in part and remand for correction of the final judgment.
The appellant was charged with robbery, a second degree felony, on March 22, 1984. He pled nolo contendere to the lesser included offense of grand theft, a third degree felony, and was placed on probation for five years. In March 1986 he was found to have violated the terms of his probation, and his probation was modified. Two weeks later he again was found to be in violation and his probation was revoked. He was then placed on community control. Within a month he was charged with violation of community control. He pled guilty to the charge, and the trial court revoked his community control and sentenced him to five years’ incarceration, the statutory maximum sentence.
The trial court stated at the hearing that it intended to depart from the guidelines since the appellant had received two chances to rehabilitate himself through noncustodial supervision and had failed to abide by the terms of such supervision. The court’s written reason for departure summarized the oral pronouncement by stating simply, “given 2 chances.”
In his first point on appeal the appellant argues that the trial court’s departure from the presumptive guidelines sentence was not clear and convincing. This argument is without merit.
At the sentencing hearing the trial court stated:
In imposing the sentence the Court does exceed the recommended guidelines and does so because you have refused to allow yourself to be supervised on probation and by community control. The Court having given you two opportunities to do so and you having failed to do so the Court feels that the maximum sentence is warranted....
The court indicated that this was the third time that the appellant had been before the court on either a violation of probation or community control. It is evident that the trial court departed and sentenced the appellant to the maximum sentence based on the repeated violation of probation and community control. These are sufficient grounds for departure. De Paul v. State, 505 So.2d 659 (Fla. 2d DCA 1987), and Adams v. State, 490 So.2d 53 (Fla.1986).
*36 The appellant further argues that, while the point total was correct on the guidelines scoresheet, the proposed guidelines sentence recommended an enhanced sentence which was incorrect. The record reflects that the trial court was aware that the recommended guidelines sentence of two and one-half to three and one-half years in prison was incorrect. The state advised the court that, while the point total was correct, the recommended sentence should be in the lesser category of twelve to thirty months’ community control. The court was also aware that the maximum sentence was five years in prison. At no time did counsel for the appellant object to the calculation on the scoresheet or guidelines sentencing category as listed by the state. It is evident from the record that the trial judge considered that the actual recommended guidelines sentence was less than that recommended by the scoresheet but that he intended to depart based solely on the appellant’s repeated violations of probation and community control, which he found merited the maximum statutory sentence. Therefore, we affirm the appellant’s sentence.
Finally, the appellant points out that although the record is clear that he pled guilty to grand theft and was convicted and sentenced for that offense, the final judgment reflects a conviction for robbery. We agree that this is a scrivener’s error and remand so that the final judgment may be corrected to show a conviction for grand theft.
Accordingly, we affirm the appellant's conviction and sentence but remand for correction of the final judgment.
FRANK, A.C.J., and THREADGILL, J., concur.