535 So.2d 671 (1988)
Charlie BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-641.
District Court of Appeal of Florida, First District.
December 21, 1988.
*672 Neal L. Betancourt of Rotchford & Betancourt, P.A., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
On appeal of his sentence, Brown argues that the reasons given by the trial court for exceeding the guidelines were invalid. We believe that at least one of the reasons given is a valid basis for departure, and therefore we affirm.
Appellant was convicted of two counts of robbery with a deadly weapon and one count of threatening to discharge a dangerous device. Shortly before these offenses were committed, appellant was released from prison on an unrelated offense. His release was occasioned by the fact that his guilty plea was held to not have been intelligently made. In the instant case, the trial court departed from the guideline range of four and one-half to five and one-half years and instead sentenced appellant to two fifty year terms of imprisonment for the robbery counts, and fifteen years imprisonment for the count of threatening to discharge a dangerous device, all sentences to run concurrently.
In its written justification for the guidelines departure, the trial court listed four reasons: (1) appellant's flagrant disregard for the safety of bystanders, (2) recent release from prison demonstrating predisposition to criminal behavior, (3) lack of regard for the law and the judicial system demonstrated by the appellant's failure to comply with the conditions of his release on bond, and (4) premeditation. The third justification given, lack of regard for the judiciary and the law, is a permissible ground. Fry v. State, 497 So.2d 964 (Fla. 1st DCA 1986). See also, Santana v. State, 507 So.2d 680 (Fla. 2nd DCA 1987) (lack of respect for the law and judicial system a valid reason for departure where defendant failed to appear for disposition of a delivery of cocaine violation, and committed several offenses the day after he was scheduled to appear), and Fuller v. State, 488 So.2d 594 (Fla. 2nd DCA 1986) (lack of regard for the law and judicial system, among others, is a valid reason to justify departure). But see, Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986) (under Hendrix v. State, 475 So.2d 1218 (Fla. 1985), disregard for the laws imposed by society and the criminal justice system is an invalid reason); Weathers v. State, 508 So.2d 1332 (Fla. 2nd DCA 1987) ("total disregard for the criminal justice system" invalid reason under facts given); Hendsbee v. State, 497 So.2d 718 (Fla. 2nd DCA 1986) (disregard for criminal justice system may not be used to depart from guidelines).
In the instant case, there is an adequate factual basis for this departure ground. The appellant's release from prison was under the condition that he not leave his father's residence except to go to work. The trial court held that the appellant's failure to abide by this condition while on bond coupled with the offenses committed shortly after his release demonstrates a contempt for the judicial system, and we agree. Accordingly, we find the departure *673 based upon the appellant's disregard for the system of justice appropriate in this case.
Section 921.001, Florida Statutes (1987), as amended by Chapter 87-110, Laws of Florida, provides that a departure from the guidelines must be upheld when at least one of the reasons given is valid regardless of the validity, vel non, of others. The offenses in the instant case were committed after the effective date of Chapter 87-110, and therefore, section 921.001, as amended, controls. Therefore, finding one reason to be valid, the departure must be affirmed. We do not pass upon the validity of the other grounds listed.
Sentence AFFIRMED.
ZEHMER, J., concurs.
BARFIELD, J., concurs with written opinion.
BARFIELD, Judge, concurring:
I concur in the results reached in this case including the application of chapter 87-110, Laws of Florida. It is clear that chapter 87-110 will apply to offenses committed after its effective date. The context in which chapter 87-110 is referenced in the majority opinion suggests that it might not apply to offenses committed before its effective date. To the extent that such inference might be drawn from the opinion, I do not concur in the opinion and would leave that for determination in the appropriate case.