SHIVERS, Judge.
Appellant Boyd was placed on three years probation in 1985 after pleading guilty to burglary of an unoccupied conveyance. Probation was revoked in November 1984, and appellant was placed on one year community control. Community control was revoked in March 1985, and appellant was sentenced to a split sentence of 18 months incarceration followed by two years probation. In August 1986, the State filed a second affidavit of violation of probation. Appellant was not arrested until February 1988, at which time probation was again revoked and he was sentenced to five years incarceration. In light of the presumptive guideline sentence of any non-state prison sanction, the trial court gave several written reasons for the departure sentence. Boyd now appeals, arguing: (1) that the sentence imposed after his last violation of probation violated double jeopardy; (2) that the trial court failed to give clear and convincing reasons for departing from the sentencing guidelines; and (3) that the trial court erroneously imposed a guideline sentence without appellant having affirmatively elected to be sentenced under the guidelines.
We find the first point to be controlled by the supreme court’s recent holding in Poore v. State, 531 So.2d 161 (Fla.1988) that, where a defendant violates probation after being given a “probationary split sentence,” the resentencing judge may impose any sentence which he might originally have imposed without violating double jeopardy. We also affirm the trial court’s imposition of a five-year term of incarceration, finding the court’s reasons for departure to be clear and convincing.
As to the third point, the record on appeal clearly indicates that appellant did *518 not affirmatively elect to be sentenced pursuant to the guidelines following his 1988 violation of probation. Since appellant’s offense was committed prior to the effective daté of the sentencing guidelines, an affirmative election would have been required at the 1988 sentencing[1] unless the appellant made such an election at a previous sentencing. See Stewart v. State, 480 So.2d 1387 (Fla. 1st DCA 1986) (holding that, where defendant originally elected a guideline sentence, he was subject to a “guideline controlled penalty” while serving his term of probation and had no option after violating probation but to be sentenced again under the guidelines). Although it appears from the record on appeal that a guideline scoresheet was prepared when appellant was sentenced for violating community control in 1985, it cannot be determined from the record whether appellant was actually sentenced pursuant to the guidelines at that time or, if so, whether he made an affirmative election to be sentenced under the guidelines. Since this court has held that the existence of a sentencing guideline scoresheet does not constitute an affirmative election to be sentenced under the guidelines, Johnson v. State, 516 So.2d 1100 (Fla. 1st DCA 1987), we are not convinced by appellee’s argument that the presence of the scoresheet establishes a previous election. We therefore remand for the trial court to make a determination as to whether the appellant elected to be sentenced under the guidelines when his community control was revoked in 1985. If appellant so elected, the sentence stands affirmed. If not, the sentence is vacated and this cause is remanded for resentencing.
ZEHMER and BARFIELD, JJ., concur.

. Section 921.001(4)(a), F.S.