PARKER, Judge.
Linda Ramirez appeals the trial court’s order denying her motion to correct, reduce, or modify her sentences. We reverse.
Following a 1983 charge of welfare fraud covering the period from August 1982 through June 1983, Ramirez pleaded nolo contendere in 1984 and received five years’ probation. Three months later, Ramirez pleaded nolo contendere to grand theft, and the trial court placed her on probation for five years to run concurrently with her other probation. In 1986, the trial court found Ramirez guilty of uttering a forged instrument and grand theft and further found that Ramirez had violated her proba-tions. The trial judge revoked the proba-tions and sentenced Ramirez to concurrent five-year prison terms for welfare fraud and grand theft and to two years’ community control on the uttering charge to be followed by five years’ probation for the second grand theft charge, these sentences to run consecutively to her other sentences.
Ramirez’s sentences, which totaled seven years plus five years’ probation, exceeded the recommended guidelines range of two and one-half to three and one-half years, which included the one-cell bump for violation of probation. Although the trial judge listed two reasons for the upward depar *903 ture sentence,* both reasons when considered together comprise only one reason —a second violation of probation.
Ramirez’s first offense predated the effective date of the sentencing guidelines, and the record on appeal does not reflect whether Ramirez ever elected to be sentenced under the guidelines. If Ramirez did elect to be sentenced under the guidelines at her original sentencing hearing, the transcript of which is not a part of this record, then that election would carry over to the subsequent sentencing. See Harris v. State, 522 So.2d 527, 528 (Fla. 2d DCA 1988). We, therefore, must remand this case for the trial judge’s determination of whether Ramirez previously elected to be sentenced under the guidelines for the 1983 offense. See Boyd v. State, 538 So.2d 517 (Fla. 1st DCA 1989).
Ramirez also correctly points out that the welfare fraud and first grand theft should have been scored as additional offenses at conviction instead of as prior record. This court has held that prior convictions, for which sentencing occurs after revocation of probation at the same time as sentencing for a subsequent criminal offense, must be scored as additional offenses at conviction, when the earlier offenses occurred prior to the effective date of the amendment to the guidelines rule which required these earlier offenses to be scored as prior record. DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988). This correction to the guidelines scoresheet will place Ramirez in the next lower cell.
Although neither Ramirez nor the state addresses this, we note that the uttering offense and the later grand theft offense were both scored as “primary offense at conviction.” The later grand theft offense should be scored as an additional offense at conviction instead of as primary offense at conviction. The trial judge should make this correction at resentencing.
Lastly, we hold that the trial judge once again may depart upward from the recommended guidelines at resentencing, because a second violation of probation, the basis for departure being challenged in this appeal, is a valid reason for departure. See Burton v. State, 513 So.2d 245 (Fla. 2d DCA 1987); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985).
We reverse the trial court’s order denying the motion to correct, reduce, or modify the sentences and remand this case to the trial court to determine whether Ramirez previously made an affirmative election to be sentenced under the guidelines for the welfare fraud offense, to correct the errors contained in the sentencing guidelines scoresheet, and thereafter to resentence Ramirez.
Reversed and remanded with directions.
DANAHY, A.C.J., and LEHAN, J., concur.

 The trial judge listed the following as reasons for departure:
1. Since being placed on probation in case numbers 83-14250 and 84-5825, the defendant has committed two additional felony offenses, i.e. Uttering a Forged Instrument and Grand Theft in the Second Degree and has been adjudicated guilty as to these offenses.
2. This most recent violation of probation results in the defendant’s second such appearance before this court in which the defendant’s probation was revoked due to the commission of additional felony offenses.