PER CURIAM.
Appellant was found by a preponderance of the evidence to have violated his probation by committing a robbery and violating *1367 other terms of his probation.[1] As he had previously been found to have violated probation (but had been continued under supervision), the guidelines sentence was elevated two cells,[2] see Adams v. State, 490 So.2d 53, 54 & n. 2 (Fla.1986), resulting in a three-year sentence on the original charge of possession of cocaine. No error having been shown, the judgment and sentence are affirmed.

. Appellant was acquitted in the criminal trial on the robbery charge. The parties stipulated that the record of the criminal trial would constitute the record for the probation revocation proceedings on the charge of robbery. The same trial judge who conducted the criminal trial adjudicated the violation of probation. See Russ v. State, 313 So.2d 758 (Fla.) (approving revocation of probation on facts not sufficient to convince jury to convict), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975); Bernhardt v. State, 288 So.2d 490, 500-01 (Fla.1974) (same).

. The court noted, "Defendant has previously violated his probation and continues to do so.”