559 So.2d 680 (1990)
Dennis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01981.
District Court of Appeal of Florida, Second District.
April 4, 1990.
*681 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
EN BANC
HALL, Judge.
Dennis Williams appeals from his judgment and sentence for grand theft following revocation of his probation. He argues that the trial court erred in departing from the sentencing guidelines on the basis of factors relating to his probation violation.
In 1985, the appellant was originally placed on two-years' probation for grand theft, second degree. The record reflects that he violated probation in 1986 by failing to pay costs, by failing to perform community service, and by committing battery upon his wife. The court adjudicated him guilty of violating probation and restored him to probation for a three-year period. In 1987, the appellant was again charged with violation of probation upon being arrested for aggravated battery on his estranged wife and armed burglary of his wife's home. The trial court found the appellant to be in violation of probation and stated that the violations were sufficient "to revoke him and to disregard the guidelines since it's his third violation." The court sentenced the appellant to five years in prison, a departure from the presumptive guidelines range of community control, or twelve to thirty months' incarceration, including the one-cell increase for violation of probation.
The sentencing guidelines scoresheet shows the presumptive sentence to be any nonstate prison sanction and includes a notation, "3rd violation"; however, no written reasons for departure were given in the space provided. Further, in the section where the scoresheet preparer was to indicate whether a guidelines sentence or a departure sentence was imposed, the former was clearly marked.
Since it is unclear from the scoresheet on what grounds the trial court intended to rely in imposing a departure sentence, we must remand for entry of a corrected scoresheet indicating the trial court's intention to depart and a written order stating reasons for departure. In doing so, we note that although repeated violation of probation is a valid reason for departure, Adams v. State, 490 So.2d 53 (Fla. 1986), departure for conduct underlying the violation of probation is not punishable by an extended prison term. Lambert v. State, 545 So.2d 838 (Fla. 1989).
Accordingly, we affirm the trial court's order revoking the appellant's probation, but reverse and remand for proceedings consistent with this opinion.
However, in light of the recent decisions of Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), and Lambert v. State, 545 So.2d 838 (Fla. 1989), we certify to the Florida Supreme Court the following question as being one of great public importance:
HAS THE SUPREME COURT IN REE V. STATE, 14 F.L.W. 565 (FLA. NOV. 16, 1989), AND LAMBERT V. STATE, 545 So.2d 838 (FLA. 1989), RECEDED FROM THE HOLDING IN ADAMS V. STATE, 490 So.2d 53 (FLA. 1986), IN WHICH IT FOUND THAT WHERE A DEFENDANT, PREVIOUSLY PLACED ON PROBATION, HAS REPEATEDLY VIOLATED THE TERMS OF HIS PROBATION AFTER HAVING HAD HIS PROBATION RESTORED, THAT A TRIAL COURT MAY USE THE MULTIPLE VIOLATIONS OF PROBATION AS A VALID REASON TO SUPPORT A DEPARTURE SENTENCE BEYOND THE ONE CELL BUMP FOR VIOLATION OF PROBATION UNDER SECTION 3.701(D)(14), FLORIDA STATUTES (1984)?
*682 SCHEB, RYDER, DANAHY, FRANK, THREADGILL, PATTERSON and ALTENBERND, JJ., concur.
SCHOONOVER, J., concurs in part and dissents in part.
CAMPBELL, C.J., and LEHAN and PARKER, JJ., concur with SCHOONOVER, J.
SCHOONOVER, Judge, concurring in part and dissenting in part.
I agree that this matter must be reversed and remanded for resentencing. I also agree that the question set forth in the majority opinion should be certified as a question of great public importance. However, since I concur with our sister court's interpretation of Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), and Lambert v. State, 545 So.2d 838 (Fla. 1989), in Wright v. State, 554 So.2d 554 (Fla. 5th DCA 1989), and Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989), I would hold that multiple violations of probation may no longer be considered a valid reason for departure.
I acknowledge that the supreme court in Adams v. State, 490 So.2d 53 (Fla. 1986), upheld a departure sentence where the reason given for departing from the recommended sentence was that the defendant was previously placed on probation and twice violated the terms of her probation.
Later, however, without discussing Adams, the supreme court in Lambert stated:
[V]iolation of probation is not itself an independent offense punishable at law in Florida. The legislature has addressed this issue and chosen to punish conduct underlying violation of probation by revocation of probation, conviction and sentencing for the new offenses, addition of status points when sentencing for the new offense, and a one-cell bump-up when sentencing for the original offense. It has declined to create a separate offense punishable with extended prison terms. If departure based upon probation violation were to be approved, the courts unilaterally would be designating probation violation as something other than what the legislature intended.
Lambert, 545 So.2d at 841.
The court concluded by holding that factors related to violation of probation or community control cannot be used as grounds for departure.
In Ree, the court stated that in Lambert they held that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines and that violation of probation cannot be the vehicle for a departure under the basic policies of the guidelines.
In Wright, the Fifth District Court of Appeal interpreted Lambert as specifically prohibiting the trial court from considering the fact that a defendant has twice violated probation as a valid reason for departing from the guidelines. In Maddox, the same court held that under Ree, two violations of probation as to the same offense do not justify a departure sentence. The court stated the one cell increase permitted by the sentencing guidelines for a sentence following a violation of probation is the exclusive applicable sentencing factor relating to the effect of a prior violation, or violations, of probation and that no aspect or detail of that probation violation is permissible as a reason for any departure sentence. The court also read the language in Ree to mean that the Adams exception to departing from a guidelines recommended sentence was eliminated even though the Ree opinion does not cite or discuss Adams.
I would, therefore, remand for resentencing within the presumptive guidelines, including the one cell increase for violation of probation.