## STATE OF FLORIDA v TAYLOR

### Case No. 86-17028

Thirteenth Judicial Circuit, Hillsborough County

April 6, 1990

### APPEARANCES OF COUNSEL

**Fred Barnes, Esquire,** Assistant State Attorney, for plaintiff.
**Paul Firmani, Esquire,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

*ORDER DENYING MOTION TO SET ASIDE SENTENCE*

This cause came before this Court upon defendant's motion to set aside sentence filed, pursuant to Rule 3.800(a), Fla. R. Crim. Proc. The

defendant had been sentenced to 5 years imprisonment for the offense of possession of cocaine. This sentence was imposed upon a violation of community control. The sentence exceeded the sentencing guideline range by more than one cell. This departure was based upon defendant's previous multiple violations of probation and community control. In his motion defendant submits the Court could not, under any circumstances, impose a sentencing exceeding the sentencing guideline range of "12 to 30 months incarceration." Defendant bases his argument on the recent decision of the Florida Supreme Court in *Ree v State,* — So.2d — (Fla. 1989), 14 FLW 565 (Fla. Nov. 16, 1989), (Case No. 71,424), as well as the Fifth District Court of Appeal decision in *Maddox v State,* — So.2d — (Fla. 5th DCA 1989), 15 FLW D60 (Fla. Dec. 28, 1989) (Case No. 89-782). This Court, for the reasons stated herein, finds that a trial court may depart more than one cell from the sentencing guidelines permitted range in cases wherein a defendant has had multiple previous violations of probation or community control. Accordingly, the defendant's motion is DENIED.

The defendant was originally convicted of possession of cocaine upon his plea of guilty entered March 25, 1987. At that time he was sentenced to 18 months probation. The sentencing guidelines recommended range was "any non-state prison sanction." Subsequently, on October 6, 1988, the defendant's probation was revoked and he was sentenced to 2 years community control (the next higher cell). The defendant was then found to be in violation of community control and on October 18, 1989, was sentenced to 1 year community control. He again violated community control and, on March 9, 1990, was sentenced to 5 years imprisonment.

The sentencing guidelines rule addresses sentences imposed upon revocation of probation or community control at Rule 3.701(d)(14) Fla. R. Crim. Proc., which provides:

"Sentences imposed after revocation of probation or community control must be accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure."

Nowhere does the rule prohibit more than a one cell departure where there are circumstances (such as multiple previous violations of probation or community control) which reasonably justify aggravating the sentence. Under such circumstances, the guidelines rule merely requires that the sentencing judge provide a written statement delineating the

reasons for departure. Rule 3.701(d)(11), Fla. R. Crim. Proc. In imposing the sentence herein this Court noted it was a departure from the guidelines and stated as its written reasons for departure:

"Defendant has once previously violated probation in this case, and once previously violated community control — because of these multiple violations the guidelines should be exceeded. *Adams v State,* 490 So.2d 53 (Fla. 1986)."

In *Adams* the defendant had been convicted of forgery and uttering a forgery, for which she received a sentence of probation. Upon having violated probation she was again placed on probation. When she again violated probation she received a sentence of 24 months community control. She then violated community control and was sentenced to two consecutive 4 year terms of imprisonment. This departure sentenced exceeded the guideline sentence by more than one cell. As for the reason for departing from the original recommended sentence of any non-state prison sanction, the *Adams* trial court had written: "Defendant was previously placed on probation and twice has been found to have violated the terms of her probation." 490 So.2d at 54. On appeal the Supreme Court of this state specifically held that this reason was amply supported in the record and was valid! *Id.* The factual similarity of *Adams* with the instant case is obvious. Hence the reason for this court's reliance on *Adams.*

The defendant, however, argues that *Adams* is no longer good law in Florida. While counsel's research has revealed no Florida Supreme Court decision specifically reversing or receding from *Adams,* defendant urges that this is in fact what was accomplished by the Court in its *Ree* decision. Specifically defendant relies upon this language from *Ree:*

"We recently have held that *any* departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines. *Lambert v State,* 545 So.2d 838, 842 (Fla. 1989)."

(14 FLW at 565).

While *Lambert* did specifically recede from its earlier decision of *State v Pentaude,* 500 So.2d 528 (Fla. 1987) (wherein the court had ruled that where an offense constituting a violation of probation is sufficiently egregious, such conduct could be utilized to justify a departure sentence), it did not mention the precedent established by *Adams. Ree* likewise did not address *Adams.* Also neither *Ree* nor *Lambert* involved multiple prior violations of probation or community control. In *Lambert* the trial court had departed more than one cell on

**175**

a violation of community control, basing its reasons for departure on factors related to the violation itself (ie., that conduct of the defendant which was the basis for the violation). The Supreme Court in *Lambert* noted that the issue presented on appeal was "whether factors related to violation of probation or community control can be used as grounds for departing from the sentencing guideline." 545 So.2d at 839. In resolving this narrow issue the Court specifically stated: "[W]e hold that factors related to violation · of probation or community control cannot be used as grounds for departure." *Id* at 842. Nowhere in *Lambert* does the Court mention its prior *Adams* decision and nowhere does it state specifically that multiple previous violations of probation or community control would no longer be considered valid reasons for a more than one cell guideline departure. Thus, it would appear that the language in *Ree* to the effect that *Lambert* had held that *any* departure for probation violation would be impermissible if it exceeded a one-cell increase could properly be considered as dicta rather than a restatement, clarification or expansion of *Lambert's* holding. Moreover, the reasons for departure in *Ree,* like those presented in *Lambert,* dealt with factors related to the defendant's violation of probation (ie., that conduct which was the basis for the violation) as opposed to multiple previous violations. The problems which concerned the Court in both *Ree* and *Lambert* are not present herein. This departure is not based upon an "offense" for which the defendant may eventually be acquitted. Nor is the problem of "double-dipping" presented. The defendant is not being punished twice for the same conduct, nor is he being punished any greater than permitted by the legislature. *See Ree,* 14 FLW at 565, *Lambert,* 545 So.2d at 841. Since multiple previous violations of probation or community control are not factors related to the actual violation of probation or community control, it would seem that under the circumstances of this case *stare decisis* would permit the departure sentence imposed.

The defendant, however, has cited other decisions of two District Courts of Appeal in support of position that even in the face of multiple previous violations a trial court is limited to a one-cell guideline departure upon violation of probation or community control. First, defendant cites *Teer v State,* — So.2d — (Fla. 1st DCA 1990) 15 FLW D609 (Fla. March 5, 1990), (Case No. 89-1368). In *Teer* the trial court departed more than one-cell because of the defendant's "repeated, persistent pattern of violating his probation . . ." 15 FLW at D609. The District Court reversed, concluding that the language of *Ree* was an actual holding that *any* departure is impermissible if it exceeds the one cell increase. Defendant also relies on *Maddox v State,* — So.2d —

(Fla. 4th DCA 1989), 15 FLW D60 (Fla. Dec. 28, 1989) (Case No. 89-782) which reached a similar conclusion. Moreover, in *Maddox* the District Court actually addressed *Adams,* and while it noted that *Ree* had failed to either cite or discuss *Adams,* the Court nevertheless read *Ree* to have encompassed and eliminated the *Adams* exception. *Id.*

Following its own precedent of *Maddox,* the 5th District Court of Appeal reached the same conclusion in the multiple previous violation case of *Ricketson v State,* — So.2d — (Fla. 5th DCA 1990) 15 FLW D648 (Fla. March 8, 1990) (Case No. 89-178). In that opinion the District Court clearly indicated that while it was reversing, it was doing so begrudgingly, and called upon the legislature to change the guideline rules on departure sentences based on violations of probation. 15 FLW at D649.

These cases were the only ones presented to this court on the instant issue. The other District Courts, have apparently not yet ruled on this question. Where the appellate court in its own district has not decided an issue, in the absence of conflicting authority a trial court must follow decisions of other District Courts of Appeal, *Chapman v Pinellas County,* 423 So.2d 578, 580 (Fla. 2d DCA 1982). However, these decisions of the 2st and 5th District merely interpret the dicta of *Ree,* and like that dicta are in clear conflict with the specific holding of *Adams.* In the face of such a conflict these District Court decisions are not controlling herein. The 2nd District has not yet addressed this issue. Absent a specific departure from *Adams* by the Supreme Court, that decision is still valid precedent. Based on such precedent the departure sentence sought to be set aside herein remains the sentence of this Court.

DONE AND ORDERED this 9th day of April, 1990, at Tampa, Hillsborough County, Florida, nunc pro tunc April 6, 1990.