568 So.2d 1276 (1990)
Lucious WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02878.
District Court of Appeal of Florida, Second District.
April 27, 1990.
James Marion Moorman, Public Defender, Bartow, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
After revocation of probation, appellant was sentenced for aggravated battery and third degree murder. Appellant violated probation twice within six months. The sentencing guidelines recommended a sentence of seven to twelve years. The trial judge departed from the guidelines and sentenced appellant to two fifteen year consecutive terms of imprisonment and ordered appellant to be shackled at all times while in the state prison system. We affirm in part and reverse in part.
A second violation of probation is a valid reason for departure. See Adams v. State, 490 So.2d 53 (Fla. 1986); Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990) (en banc); Pullens v. State, 516 So.2d 34 (Fla. 2d DCA 1987); Washington v. State, 510 So.2d 355 (Fla. 2d DCA 1987); Weathers v. State, 508 So.2d 1332 (Fla. 2d DCA 1987); and Simmons v. State, 496 So.2d 911 (Fla. 2d DCA 1986). We do not construe Ree v. State, 565 So.2d 1329 (Fla. 1989) to alter this well established rule. Although it may be argued that the broad language utilized in Ree prohibits the imposition of a departure sentence based on two or more violations of probation, it is clear from reading the opinion, together with Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987), that the question of a departure sentence based upon multiple violations of probation was not presented or ruled upon by the court. Although we find several of the fourteen reasons enumerated by the trial court as a basis for departure to be invalid, it has been demonstrated beyond a reasonable doubt that even if the second violation of probation was the only reason for departure, the trial judge would have imposed the same departure sentence. See Albritton v. State, 476 So.2d 158 (Fla. 1985). Accordingly, we affirm the sentence.
Upon the imposition of sentence, Williams erupted in a violent outburst of *1277 foul language and physically attempted to attack the judge. He was restrained by three bailiffs and continued to scream obscenities as he was removed from the courtroom. Predicated on this conduct the trial judge ordered that he be shackled at all times during his term of imprisonment. This requirement was made part of the written judgment and sentence. Although under the circumstances presented one may empathize with the trial judge, such an order is beyond the authority of the court. See Page v. State, 376 So.2d 901, 905 (Fla. 2d DCA 1979). We direct that the shackling order be stricken from the judgment and sentence. We also strike from the order of revocation of probation a finding of a violation of condition number eight of the probation order because there was no evidence presented to support such a finding.
When the trial court initially placed Williams on probation it ordered that Williams serve 364 days in the county jail as a condition of probation. He was given 100 days' credit for time served against the sentence. At the time of his commitment to the Department of Corrections he was granted an additional 119 days' credit time. The record is otherwise silent as to the number of days the defendant was incarcerated prior to sentencing. Under these circumstances the amount of credit time allotted must be assumed to be correct and is affirmed.
We certify to the Florida Supreme Court, as of great public importance, the following question:
DOES A SECOND VIOLATION OF PROBATION CONSTITUTE A VALID BASIS FOR A DEPARTURE SENTENCE BEYOND THE ONE-CELL DEPARTURE PROVIDED IN THE SENTENCING GUIDELINES?
Affirmed in part, reversed in part.
CAMPBELL, C.J., and SCHOONOVER, J., concur.