SCHOONOVER, Judge.
The appellant, Carlos A. Pimentel, a/k/a Jose Quinones, a/k/a Neiver Castro Guzman, challenges the final judgments and sentences imposed upon him after he was found guilty of violating the terms and conditions of his probation in two different cases. We affirm in part and reverse in part.
The appellant, while serving two different terms of probation, under two different names, was charged with violating his probation in both cases. He pled not guilty to the charges, and one hearing was held in connection with both cases.
In circuit court case number 86-12147, the appellant under the name of Jose Alberto Quinones was charged with and found guilty of violating the terms and conditions of his probation when he committed two new crimes under the name of Neiver Castro Guzman. The trial court revoked his probation and sentenced him to serve a departure sentence of fifteen years imprisonment for the underlying crime of robbery. We find no merit in the appellant’s contention that the trial court’s reasons for departure were invalid. We, accordingly, affirm the judgment and sentence entered in that case. See Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990).
In circuit court case number 87-6875, the appellant under the name of Carlos A. Pi-mentel was charged with violating the terms and conditions of his probation by failing to report to his probation officer. At the probation revocation hearing, the state presented no evidence concerning this violation. The trial court, however, found him guilty of violating the terms and conditions of his probation. The court then revoked his probation and sentenced him to serve a departure sentence of fifteen years imprisonment for the underlying offense of possession of cocaine with intent to sell or deliver. The court ordered this sentence to be served consecutively to the sentence imposed in case number 86-12147.
A person’s probation cannot be revoked for conduct not charged by affida *1388 vit and warrant. See § 948.06(1), Fla.Stat. (1987); Harris v. State, 495 So.2d 243 (Fla. 2d DCA 1986). In case number 87-6875, the state charged the appellant with violating his probation by failing to report to his probation officer and at the probation revocation hearing failed to present any evidence that he was guilty of that charge. Although sufficient evidence was presented to establish that the appellant was guilty of other offenses, we have held that probation cannot be revoked for one reason when the affidavit and warrant state another. Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977). The trial court, therefore, erred by revoking the appellant’s probation in case number 87-6875.
We, accordingly, reverse and remand with instructions to reinstate the appellant’s probation in case number 87-6875. The state, however, is not precluded from taking any further appropriate action it deems advisable in connection with the appellant’s probation on this charge.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and PARKER, J., concur.