THREADGILL, Judge.
Charles James Freeman appeals a departure sentence following revocation of his community control. We reverse.
Freeman pleaded guilty to the purchase of cocaine, a second-degree felony, and was placed on community control. On August 4, 1989, he pleaded guilty to technical violations of community control. He was not charged with committing any new substantive offenses. The trial court departed from the recommended guidelines range, including the one-cell bump-up for violation of community control, and sentenced Freeman to fifteen years in prison followed by twenty-five years’ probation.
Freeman raises three issues on appeal. First, Freeman argues that the trial *271 court erred in not entering a written departure order contemporaneously with the sentence, citing Ree v. State, 565 So.2d 1329 (Fla.1990). Ree, however, has prospective application only; therefore it is not applicable to this case. See 565 So.2d at 1331.
We agree with Freeman’s second contention that the trial court erred in departing from the guidelines by more than one cell for violation of community control. The recommended guidelines sentence with a one-cell bump-up was three and one-half to four years in prison. The trial court gave as reasons for departure the timing of the violation, the defendant’s pattern of behavior and the defendant’s not being amenable to probation. In Ree v. State, 565 So.2d 1329, 1331 (Fla.1990), the Florida Supreme Court held that any departure for a probation violation is impermissible if it exceeds the one-cell increase permitted by. the sentencing guidelines.[1] See also Pray v. State, 562 So.2d 773 (Fla. 5th DCA 1990) (departure beyond one-cell bump-up is not permitted for any sentence imposed upon revocation of probation notwithstanding egregious circumstances or timing of the violation).
Freeman finally contends, and the state agrees, that the consecutive probationary term of twenty-five years set forth in the departure order is a scrivener’s error and illegal. Although the departure order will be vacated as a result of our decision here, we mention the error to prevent its being repeated at resentencing.
We therefore reverse the departure sentence and remand for resentencing within the guidelines’ recommended range.
SCHEB, A.C.J., and DANAHY, J., concur.

. This court recently certified the following question to the Florida Supreme Court: do multiple probation violations, where a defendant repeatedly violates his probation and has had his probation restored, constitute a valid basis for departure beyond the one-cell bump for probation violations. Williams v. State, 568 So.2d 1276 (Fla. 2d DCA 1990); Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990) (en banc).