THREADGILL, Judge.
Steven Parmley appeals a guidelines departure sentence on the following grounds: that multiple probation violations is not a valid reason for departure, that time served was not properly credited, and that the judgment contained scriveners’ errors. We affirm Parmley’s sentence, but remand for computation of time served and correction of scriveners’ errors.
The appellant contends that the trial court erred in basing his departure sentence upon multiple violations of probation and community control and asks that we certify the question as we did in Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990). Williams upheld the departure but asked the supreme court for clarification as to whether Ree v. State, 565 So.2d 1329 (Fla.1990) and Lambert v. State, 545 So.2d 838 (Fla.1989), receded from Adams v. State, 490 So.2d 53 (Fla.1986). Adams permitted departure beyond the one-cell bump-up on this basis. We therefore affirm the departure sentence and again certify the question certified in Williams.
The appellant also contends that he was deprived of full credit for time served because he was not credited with earned gain-time, to which he is entitled under State v. Green, 547 So.2d 925 (Fla.1989). As the record on appeal contains no eviden-tiary findings on this issue, we remand for a determination as to the amount of gain-time due to the appellant under Green.
The appellant cites and the state concedes a number of scriveners’ errors in the description of the appellant’s convictions in case numbers 85-4297 and 87-15007. Therefore, we remand for the following corrections: 1) in case number 85-4297, the judgments entered on February 22, 1988, May 19,1988, September 8, 1988, February 9, 1989, November 20, 1989, and July 17, 1990, should be corrected to show a conviction for aggravated assault, a third-degree felony, in violation of section 784.021, Florida Statutes (1983); and 2) in case number 87-15007, the judgments entered on February 9, 1989, November 20, 1989, July 17, 1990, should be corrected to show a conviction for possession of cocaine, a third-degree felony, in violation of section 893.-13(l)(f), Florida Statutes (1987).
In conclusion, we affirm the appellant’s departure sentence, remand for a determination of credit for time served and for the correction of scrivener’s errors.
Affirmed.
SCHEB, A.C.J., and HALL, J., concur.