ALTENBERND, Judge.
The defendant appeals her judgment and sentence entered after a revocation of probation. We affirm the judgment, but reverse the sentence.
The state alleged that the defendant failed to comply with several conditions of her probation during April and May of 1990. Following an evidentiary hearing, the trial court properly determined that the conditions of probation had been violated. This was the defendant’s first violation of probation for this offense. Without any bump, her scoresheet recommended and permitted any nonstate prison sanction. The court correctly determined that the one-cell bump-up for an offense occurring after July 1, 1988, allowed it to impose a sentence within the permitted range of the next higher cell. Jackson v. State, 556 So.2d 513 (Fla. 2d DCA 1990). When it imposed the sentence, however, the trial court mistakenly believed that the permitted range of the next higher cell extended to 4V2 years when it actually extended to only 3V2 years.
The trial court sentenced the defendant to 4V2 years’ incarceration, but suspended this sentence and imposed 1 year of community control followed by 3¥2 years’ probation. Thus, the sentence the defendant is actually serving is a sentence within the guidelines, although the incarceration is a departure. The defendant can only receive the 4y2-year sentence if she again violates the terms of community control or probation.
The state argues that this sentencing method is acceptable in light of our decisions in Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990) (en banc), review granted, 75,919 (Fla. May 14, 1990), and Williams v. State, 568 So.2d 1276 (Fla. 2d DCA 1990), review granted, No. 76,016 (Fla. May 24, 1990). Its argument seems to have two prongs. First, it reasons that the defendant has already committed a “second violation” of probation. Although it is true that the defendant violated several conditions of her probation, this was only her first adjudication on a violation of probation. The rule in Williams is limited to cases involving two or more successive adjudications.
Second, the state suggests that the 4V2-year sentence could eventually be imposed under Williams if the defendant violated her current terms of community control or probation. In other words, the 4V2-year sentence will become operative only if the defendant in fact has two successive adjudications on violation of probation. If the trial court could impose this sentence at the next sentencing hearing, the state suggests that this sentence merely informs the defendant in advance of the consequences of a future violation. While there is some logic to this approach, it certainly is not the *1199 reasoning employed by the trial court. Moreover, it is a departure sentence imposed before the trial court knows the acts that might justify the departure. We will not authorize this extension of the rule this court announced in Williams.
Affirmed in part, reversed in part, and remanded.
PATTERSON, J., concurs.
DANAHY, A.C.J., concurs specially.