HARDING, Justice.
We have for review Pimentel v. State, 560 So.2d 1387 (Fla. 2d DCA 1990). The basis for our jurisdiction lies in the fact that the district court of appeal affirmed the trial court’s judgment and sentence in reliance upon Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990), a case which this Court subsequently accepted for review. Art. Y, § 3(b)(3), Fla. Const.
Carlos A. Pimentel (Pimentel), while serving two different terms of probation under two different names, was charged with violating his probation in both cases. Pimentel pled not guilty to the charges, and one hearing was held in connection with both cases. Pimentel, 560 So.2d at 1387.
We address only the first case where the district court affirmed a departure sentence of fifteen years for the underlying crime of robbery. Pimentel, under the name of Jose Alberto Quinones, originally entered a guilty plea to the robbery charge, and was placed on probation for three years. This probation was later modified to five years for a technical violation of probation. Pimentel was charged and found guilty of violating the terms and conditions of his probation a second time when he committed two new crimes under the name of Neiver Castro Guzman. The trial court revoked Pimentel’s probation and sentenced him to the departure sentence based on his multiple violations of probation. On appeal, the Second District Court of Appeal affirmed the judgment and the sentence, and cited the district court’s decision in Williams as authority.
In our recent opinion in Williams v. State, 594 So.2d 273 (Fla.1992), we held that in the case of multiple violations of probation, sentences may only be bumped one cell or guideline range for each violation. Accordingly, we quash the decision below and remand the case for disposition consistent with our opinion in Williams.
It is so ordered.
SHAW, C.J., and OVERTON, MCDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.