JOHNSON, Judge.
Plaintiff, appellant in this appeal, brought an action to recover damages for an injury allegedly sustained by her while a customer in one of defendant’s stores. Plaintiff’s claim was based upon negligence of one of defendant’s employees. Defendant denied negligence and contended that there was contributory negligence on plaintiff’s part. A jury trial was had, a verdict was returned in defendant’s favor, and judgment *625 was entered thereon. Plaintiff filed her motion for judgment notwithstanding the verdict and in the alternative, for a new trial. Said motion was denied and she has appealed asking this court to reverse and remand for a new trial.
The evidence presented to the jury showed that none of the witnesses actually saw the accident happen. Defendant’s employee and plaintiff and her daughter all testified to what they recalled immediately before and immediately after the accident. After hearing all the testimony and observing all of the witnesses the jury resolved the issue in defendant’s favor and the trial judge found no basis to disturb such verdict. On appeal plaintiff contends that there was no evidence of contributory negligence and that the verdict was against the manifest weight of the evidence.
 An appellate court is not justified in overturning a verdict of the jury unless the appellant clearly and affirmatively demonstrates that the verdict was contrary to the manifest weight of the evidence or was motivated by prejudice, passion, mistake or some other improper cause. Where there is sufficient competent evidence in the record to support the verdict reached by the jury and the trial judge, in his discretion, refuses to set aside the verdict and grant a new trial, then the appellant on appeal has the burden of showing that there was a clear abuse of discretion. Wheeler v. Yellow Cab Co. of Orlando, 66 So.2d 501 (Fla.1953).
In the case under consideration we find that there was ample support in the record of testimony for the jury’s verdict and therefore, the judgment appealed is hereby
Affirmed.
WIGGINTON, Acting C. J., and SACK, J., concur.