305 So.2d 225 (1974)
ALTMAN COOLING CORPORATION, Appellant,
v.
FLORIDA HEAT & POWER, INC., a Corporation, and Carl Lawson, Individually, Appellees.
No. 73-933.
District Court of Appeal of Florida, Fourth District.
December 13, 1974.
Rehearing Denied January 16, 1975.
Lloyd Herold, North Palm Beach, and Steven Carta of Smith, Seals & Carta, Fort Myers, for appellant.
Robert M. Sturrup of Faircloth, Sturrup & Della-Donna, Fort Lauderdale, for appellee Florida Heat & Power, Inc.
PER CURIAM.
Upon examination of the evidence contained in the record on appeal and upon consideration of the applicable *226 case law, we are of the opinion that the trial judge abused his discretion in granting a new trial. In order for appellant to have prevailed on his action based upon interference with a contractual relationship it was necessary for him to establish the existence of a valid contract. 45 Am.Jur.2d, Interference, sec. 1 et seq; Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 So. 209 (1935); Annotation: 26 A.L.R.2d 1227 et seq. and supplement thereto; cf. Symon v. J. Rolfe Davis, Inc., Fla.App. 1971, 245 So.2d 278. The evidence on this issue was conflicting and hence more suitably the subject of a jury determination. While we recognize and do by no means intend to stifle a trial court in the exercise of its discretion in granting a new trial where the verdict is contrary to the manifest weight of the evidence, such a determination although clothed with a strong presumption of correctness, must be weighed in the light of the disclosures of the record. North Dade Imported Motors v. Brundage Motors, Fla.App. 1969, 221 So.2d 170. In reviewing the record we find no support for the order granting a new trial. As pointed out in North Dade Motors v. Brundage Motors, supra:
"It is an abuse of discretion to grant a new trial where the verdict finds ample support in the record, no illegal evidence is shown to have gone to the jury, and all that is to be accomplished is to have another jury try the cause." (at 176)
See also Nunberg v. Brodsky, Fla.App. 1969, 224 So.2d 727. The jury heard the evidence and based thereon rendered its verdict and thereby fulfilled its function.
Accordingly, the order granting new trial is reversed and the cause remanded to the trial court with respectful directions to reinstate the verdict and enter judgment thereon.
Reversed.
WALDEN, J., and KIRKLAND, THOMAS E., Associate Judge, concur.
MAGER, J., dissents.
MAGER, Judge (dissenting):
I would affirm the trial court's decision granting a new trial based upon the rationale of Cloud v. Fallis, Fla. 1959, 110 So.2d 669, and the findings contained in the trial court's order.