314 So.2d 797 (1975)
Erma THOMPSON, As Guardian of the Property of Andrea Nanette Thompson, a Minor, Appellant,
v.
Hazel S. JACOBS and American Liberty Insurance Company, a Corporation, Appellees.
No. U-435.
District Court of Appeal of Florida, First District.
March 20, 1975.
*798 William C. Gentry, of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for appellant.
Carle A. Felton, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellees.
BOYER, Judge.
This appeal is from a final judgment entered on a verdict of the jury in which the jury found for the defendant in a personal injury action wherein the comparative negligence doctrine was applied. There is no issue before us relative to the propriety of application of the comparative negligence *799 doctrine nor as to the propriety of the instructions to the jury. The sole issue is whether, under the evidence adduced, reasonable people could have found the defendant, appellee Jacobs,[1] free of negligence proximately causing or contributing to the causing of the accident resulting in the injuries sustained by the minor Andrea Nanette Thompson.
The entire record on appeal has been carefully read and considered. The evidence on several material issues is conflicting as are the inferences to be drawn therefrom. The criteria by which the verdict of a jury must be reviewed is whether there was sufficient competent evidence before the jury from whence the several jurors, as reasonable people, could have reached the findings of fact inherent in the verdict. (Vanzant v. Davies, Fla.App. 1st 1968, 215 So.2d 504) Our examination of the record in the case sub judice reveals that there was.
Application of the comparative negligence doctrine does not alter the time honored presumption of correctness by which a jury verdict is reviewed; nor does the application of that doctrine require a verdict favorable to every plaintiff who weathers a motion for a directed verdict at the close of the evidence.
The burden is upon the appellant to demonstrate that error was committed at the trial and absent that showing the judgment entered on a verdict of the jury may not be disturbed on appeal. (Greiper v. Coburn, Sup.Ct.Fla. 1939, 139 Fla. 293, 190 So. 902) A party seeking to have set aside a jury verdict thereby admits, for the purposes of that particular proceeding, all material facts as testified to by the opposing party together with all inferences favorable to the opposing party which might be reasonably drawn from the evidence as a whole. (See Nelson v. Ziegler, Sup.Ct. Fla. 1956, 89 So.2d 780 and McQueen v. Atlantic Truck Service, Inc., Fla.App. 1st 1968, 215 So.2d 325) The test to be applied in a determination of sufficiency of the evidence is whether the record reveals some basis in fact to support the verdict. (Railway Express Agency, Inc. v. Garland, Fla.App. 1st 1972, 269 So.2d 708; Staton v. Staton, Fla.App. 1st 1970, 231 So.2d 531 and Vanzant v. Davies, supra)
In the last above cited case this Court said:
"In order to test the validity of this contention, we need only to examine the transcript of the trial proceedings in order to determine whether there was sufficient competent evidence before the jury from which they as reasonable men could have reached their findings of fact inherent in their verdict. This is so because, under our court system, the jury in an action at law is the trier of the facts and in such capacity resolves the conflicts in the evidence, as well as the conflicting inferences deducible from the same evidence. Neither the trial court nor the appellate court is authorized to substitute its judgment for that of the jury as to questions of fact.
"While the trial transcript shows that there were conflicts in the evidence before the jury, as well as conflicting inferences, we are of the opinion, applying the foregoing precepts, that the evidence reasonably supports the verdict returned by the jury, and so the final judgment, based upon that verdict, is affirmed." (215 So.2d at page 505)
The learned and experienced trial judge who, like the jury, had the advantage of *800 observing the witnesses and hearing the evidence presented, did not find it proper to order a new trial. In Bryans v. Sears, Roebuck and Company, Fla.App. 1st 1966, 191 So.2d 624, this Court said:
"An appellate court is not justified in overturning a verdict of the jury unless the appellant clearly and affirmatively demonstrates that the verdict was contrary to the manifest weight of the evidence or was motivated by prejudice, passion, mistake or some other improper cause. Where there is sufficient competent evidence in the record to support the verdict reached by the jury and the trial judge, in his discretion, refuses to set aside the verdict and grant a new trial, then the appellant on appeal has the burden of showing that there was a clear abuse of discretion. Wheeler v. Yellow Cab Co. of Orlando, 66 So.2d 501 (Fla. 1953)." (191 So.2d at page 625)
This opinion would be lengthened, but neither improved nor changed, by a meticulous recitation of the facts revealed by the record. Suffice to say that although we find the evidence such as to have warranted a verdict favorable to the plaintiff below had the jury so determined, we also find the evidence, and inferences reasonably to be drawn therefrom, such as to have justified reasonable people to have found appellee Jacobs to have been free of negligence. The reasonable person rather than the perfect person is still the standard for determining what acts or omissions of a party will be found to constitute negligence and the definition of that term has not been altered by the comparative negligence doctrine.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.
NOTES
[1] Appellee Hazel S. Jacobs was the driver of a school bus which struck Andrea Nanette Thompson, a seven-year-old child, while she together with other children were walking home from school.