513 So.2d 699 (1987)
Kenneth L. TOBIN, Appellant,
v.
ALFIERI MASERATI, S.P.A., a Foreign Corporation and Maserati Automobiles, Inc., a Foreign Corporation, Appellees.
No. 86-2084.
District Court of Appeal of Florida, Third District.
September 8, 1987.
Rehearing Denied November 2, 1987.
Hall, O'Brien & Robinson and Richard O'Brien, III, Miami, for appellant.
Yelen & Yelen and Jan Yelen, Coral Gables, for appellees.
Before HUBBART and FERGUSON and JORGENSON, JJ.
PER CURIAM.
The plaintiff Kenneth L. Tobin appeals an adverse final judgment based on a jury verdict entered in an action based on the Florida Motor Vehicle Warranty Enforcement Act ["Lemon Law"]. Ch. 681, Fla. Stat. (1985). He raises three points on appeal, as well as a subsidiary evidentiary point. None of these points present reversible error, and, accordingly, we affirm.
First, we reject the plaintiff's point in which he contends that he was entitled to a directed verdict at trial, or at least new trial, because (a) the jury verdict was against the manifest weight of the evidence, (b) the plaintiff's evidence showing violations of the "Lemon Law" [§§ 681.101-681.111, Fla. Stat. (1985)] was uncontroverted, and (c) the trial court erred in excluding certain statements of the defendants' agents. A careful review of the trial transcript and briefs of the parties discloses that the jury verdict is supported by substantial competent evidence; see Groth Air Serv., Inc. v. Florida Freight Terminal, Inc., 489 So.2d 785 (Fla. 3d DCA 1986); Thompson v. Jacobs, 314 So.2d 797, 799-800 (Fla. 1st DCA 1975); Bryans v. Sears, Roebuck & Co., 191 So.2d 624, 625 (Fla. 1st DCA 1966), the plaintiff's evidence of alleged "Lemon Law" violations by the defendants was contradicted by defense testimony and exhibits; see Martin v. Stone, 51 So.2d 33, 35 (Fla. 1951); Altman Cooling Corp. v. Florida Heat & Power, Inc., 305 So.2d 225, 226 (Fla. 4th DCA 1974), cert. denied, 330 So.2d 725 (Fla. 1975); Nunberg *700 v. Brodsky, 224 So.2d 727, 729 (Fla. 3d DCA 1969); and the claimed evidentiary error was not properly preserved for appellate review by a proffer of the excluded testimony, and the error, if any, was entirely harmless. See Lawson v. Loftin, 155 Fla. 685, 688, 21 So.2d 202, 204 (1945); Crawford v. Shivashankar, 474 So.2d 873, 874 (Fla. 1st DCA 1985); Musachia v. Terry, 140 So.2d 605, 607-08 (Fla. 3d DCA 1962).
Second, we reject the plaintiff's point in which he asserts that he was entitled to a new trial because of defense counsel's final argument to the jury. No objection was raised at trial to this argument and no showing of fundamental error has been made. White Constr. Co. v. Dupont, 455 So.2d 1026, 1030 (Fla. 1984); Kinya v. Lifter, Inc., 489 So.2d 92, 94 (Fla. 3d DCA), rev. denied, 496 So.2d 142 (Fla. 1986); Nelson v. Reliance Ins. Co., 368 So.2d 361, 361-62 (Fla. 4th DCA 1978).
Third, we reject the plaintiff's cumulative error point based on the above two points. No reversible error of any nature has been shown in this case. The final judgment under review is, therefore, in all respects
Affirmed.