SHARP, Chief Judge.
Wesson appeals a five-year sentence he received for violating his probation after pleading guilty to grand theft of a motor vehicle (§ 812.014, Fla.Stat.). The guidelines sentence called for a non-state prison sanction, but the trial court departed upwards by four cells, giving written reasons therefor. We affirm.
An affidavit of probation violation was filed by Wesson’s probation officer alleging, inter alia, that Wesson had committed another grand theft of a motor vehicle offense in February, 1987, during the period of his probation. At the probation revocation hearing, Wesson admitted he had taken the motor vehicle in question without permission.
In departing upwards, the. trial judge gave the following reasons:
*718 T. Defendant committed a new substantive offense of grand theft second degree of a motor vehicle while on this probation for the offense of the grand theft second degree of a motor vehicle.
2. Defendant has had one previous violation on an earlier grand theft probation.[1]
Although Wesson was not convicted of the grand theft offense, a finding that the underlying reasons for a probation violation are more than minor, and are substantive in nature, permits departure even without a conviction. Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988).[2] However, we recognize that this case involves a legal issue which has not, as yet, been settled by our Florida Supreme Court. Accordingly, we certify the following question as one of great public importance:
CAN A DEPARTURE SENTENCE ON ONE OFFENSE BE BASED ON THE DEFENDANT’S COMMISSION OF A SECOND OR SUBSEQUENT OFFENSE AS TO WHICH, AT THE TIME OF SENTENCING ON THE FIRST OFFENSE, THE DEFENDANT HAS NOT BEEN CONVICTED?
ORFINGER, J., concurs.
COWART, J., dissents with opinion.

. This is a valid reason for departure. See Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985).

. But see, Judge Cowart’s dissent in Hamilton v. State, 533 So.2d 926 (Fla. 5th DCA 1982).