557 So.2d 911 (1990)
Thomas HOLMES, Appellant,
v.
REDLAND CONSTRUCTION COMPANY, a Florida Corporation, Miami-Dade Water and Sewer Authority, an Agency of the State of Florida, and Homestead Paving Company, a Florida Corporation, Appellees.
No. 89-807.
District Court of Appeal of Florida, Third District.
March 6, 1990.
John W. Fowler, Miami, and George Thomas Green, for appellant.
Ligman, Martin & Evans, Coral Gables, and David J. Beasley, Miami, for appellee Miami-Dade Water and Sewer Authority.
*912 Blackwell, Walker, Fascell & Hoehl, and Douglas H. Stein, Miami, for appellee Homestead Paving Co.
Corlett, Killian, Ober, Hardeman, McIntosh & Levi, and Love Phipps, Miami, for appellee Redland Const. Co.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, Thomas Holmes, appeals a final judgment in favor of appellees, Redland Construction Company, Miami-Dade Water and Sewer Authority, and Homestead Paving Company, on Holmes's action for negligence. We affirm.
Holmes brought suit against appellees for injuries he allegedly sustained in 1982 when he fell into an uncovered water meter hole adjacent to a construction site. The jury returned a verdict in favor of all three appellees, based on a finding of no negligence.
Holmes's primary contentions on appeal are: (1) the trial court erred in admitting evidence regarding another personal injury claim brought by Holmes for an accident which occurred in 1987; and (2) the trial court erred in failing to allow the deposition of Thomas Harrow, a Miami-Dade Water and Sewer Authority employee, to be read to the jury.
With respect to Holmes's first point, we rule that the evidence relating to the personal injury claim brought by Holmes for the 1987 accident, was properly admitted. This evidence was relevant because it tended to prove that Holmes's presently claimed injuries resulted from a subsequent accident. See Brackin v. Boles, 452 So.2d 540 (Fla. 1984); Williams v. Winn Dixie Stores, Inc., 443 So.2d 195 (Fla. 3d DCA 1983).
On Holmes's second point, that the trial court erred in failing to allow the deposition of Harrow to be read to the jury, we rule Holmes did not preserve this issue for review. The rule is well settled that when a party fails to make a proffer of excluded evidence, any alleged error is not preserved for review. Callihan v. Turtle Kraals, Ltd., 523 So.2d 800 (Fla. 3d DCA 1988); Tobin v. Alfieri Maserati, S.P.A., 513 So.2d 699 (Fla. 3d DCA 1987), review denied, 520 So.2d 586 (Fla. 1988).
Having concluded that a third contention raised by Holmes is without merit, the final judgment appealed from is affirmed.