SHAW, Justice.
We have for review Wesson v. State, 535 So.2d 717, 718 (Fla. 5th DCA 1988), to answer the following certified question:
CAN A DEPARTURE SENTENCE ON ONE OFFENSE BE BASED ON THE DEFENDANT’S COMMISSION OF A SECOND OR SUBSEQUENT OFFENSE *1101 AS TO WHICH, AT THE TIME OF SENTENCING ON THE FIRST OFFENSE, THE DEFENDANT HAS NOT BEEN CONVICTED?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative and quash the decision of the district court.
Wesson pled guilty to grand theft of a motor vehicle and was placed on probation. Following his arrest (without conviction) for a second grand-theft offense while on probation, the court revoked his probation and departed from the guidelines range for the following reasons:
1. Defendant committed a new substantive offense of grand theft second degree of a motor vehicle while on this probation for the offense of the grand theft second degree of a motor vehicle.
2. Defendant has had one previous violation on an earlier grand theft probation.
Wesson, 535 So.2d at 718 (footnote omitted). The district court affirmed, but certified the above question.
In Lambert v. State, 545 So.2d 838 (Fla.1989), we held that factors related to probation violation cannot be used as grounds for departure. In the same case, we supplied a negative answer to the question certified herein by ruling that conduct relating to offenses without conviction cannot support departure at original sentencing proceedings or at resentencing following probation violation.
We answer the certified question in the negative. We quash the district court’s decision and remand for resentencing within the guidelines, which may include the discretionary one-cell bump-up provided for in Florida Rule of Criminal Procedure 3.701(d)(14).
It is so ordered.
EHRLICH, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents