559 So.2d 412 (1990)
Joseph R. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00685.
District Court of Appeal of Florida, Second District.
April 11, 1990.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant raises two issues on appeal. We find no merit to the appellant's first contention that the trial court erred when it departed from the presumptive guideline sentence based upon multiple violations of probation and community control. As we stated in Williams v. State, No. 87-01981, 1990 WL 731 (Fla. 2d DCA April 4, 1990) (en banc), multiple violations of probation is a valid reason to support a departure sentence. We, therefore, affirm the sentence as to count I, but certify to the supreme court the same question set forth in Williams, as being one of great public importance.
However, we do find merit in the appellant's second contention, which is that the trial court erred in modifying his probation for count II to run consecutively to the period of incarceration imposed for count I. *413 The appellant points out that the order of revocation only addresses count I, and alleges that the court erred in altering the sentence for count II to extend his probation to run consecutively to the term of incarceration imposed for count I.
The trial court erred in resentencing the appellant as to count II without a finding that the appellant's probation for that offense was also revoked. Accordingly, we reverse the sentence as to count II and remand to the trial court with directions to reinstate the original sentence as to count II.
Affirmed in part and reversed in part.
SCHEB, A.C.J., and PARKER, J., concur.