PETERSON, Judge.
David Pringal appeals his sentence because of an upward departure from the guidelines. We vacate the sentence and remand.
The court imposed sentences of five years in the Department of Corrections for a new charge of possession of cocaine, five years for possession of cocaine after violation of community control, and fifteen years for sale or delivery of cocaine after violation of community control. The recommended sentencing range was 3V2 to 4V2 years with a one-cell bump for community control violation. Rule 3.701(d)(14), Fla.R. Crim.P. The written reasons for departure were that it was Pringal’s third violation of probation or community control and that the new violation of possession of cocaine was committed within six months of his being placed on community control. The new possession charge was the basis for the violations of community control and cannot be used as a ground for departure. Ree v. State, 565 So.2d 1329 (Fla.1990); Hamilton v. State, 548 So.2d 234 (Fla. 1989); Lambert v. State, 545 So.2d 838 (Fla.1989); Coney v. State, 560 So.2d 429 (Fla. 5th DCA 1990); Johnson v. State, 557 So.2d 203 (Fla. 5th DCA 1990); and Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989).
We vacate the sentence and remand for resentencing within the guidelines.
Sentence VACATED; REMANDED. DANIEL, C.J., and HARRIS, J., concur.