576 So.2d 367 (1991)
Sabrina Michelle MAXWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1536.
District Court of Appeal of Florida, First District.
March 7, 1991.
*368 Barbara M. Linthicum, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
By this appeal we review a sentence of five years' imprisonment imposed upon a finding that appellant had violated certain conditions of her probation. The sentence exceeded the one-cell guidelines increase authorized by rule 3.701(d)14, Florida Rules of Criminal Procedure, when sentencing upon probation violations. The written reasons for departure are as follows:
1. In Case No. 87-0788 and 87-0795, the Defendant was charged with grand theft, each of which is a Third Degree Felony. The Defendant was originally sentenced to five years probation, concurrent.
2. In November of 1988, the Defendant was charged with violating the terms and conditions of her probation by issuing worthless checks, and the probation officer recommended that a warrant be issued and that it be held and not serve conditioned upon the Defendant's cooperation in attending the CrossRoads Recovery Center. As a result of that violation, on January 24, 1989, the Defendant's probation was modified and she was placed on one year of community control to be followed by the balance of her probation.
3. On April 19, 1989, another violation report was filed by her probation officer because of positive urinalysis test which reflected the use of cocaine. On the 28th day of May, 1989, the Defendant was charged with a further violation in that she failed to remain confined to her approved residence. On the 18th day of July, 1989, the Court modified the Community Control to extend Community Control for a period of two (2) years. On the 26th day of September, 1989, the Defendant's probation officer filed another violation affidavit charging the Defendant with testing positive for the use of cocaine. On December 1, 1989, an evidentiary hearing was held, at which time the Defendant plead guilty to violating the terms and conditions of her Community Control, which was at that time revoked. However, on January 17, 1990, the Court reinstated the Defendant's Community Control.
4. On February 14, 1990, the Defendant was again charged with violating the terms and conditions of her Community Control by failing to comply with instructions, failing to remain confined to her residence, failing to pay restitution, failing to pay court costs and failing to submit to urinalysis. Defendant has entered a plea of no contest to these violations, and it is on these violations that results in the departure sentence.
Maxwell contends that the sentence imposed is contrary to the Florida Supreme Court decisions in Lambert v. State, 545 So.2d 838 (Fla. 1989), and Ree v. State, 565 So.2d 1329 (Fla. 1990), because it must be limited to the one-cell increase as provided in rule 3.701(d)(14) under those decisions. In the instant case, the one-cell increase allows either community control or imprisonment within the range of 12 to 30 months. The state responds that the departure sentence is valid under the supreme court's decision in Adams v. State, 490 So.2d 53 (Fla. 1986). The state would distinguish Lambert and Ree on the ground that those cases involved one or *369 two prior violations of probation while the instant case involves multiple prior violations of probation.
This trilogy of supreme court decisions has caused considerable confusion regarding the authority of trial courts to impose a departure sentence in excess of the one-cell increase upon a defendant's violation of probation or community control. The several district courts of appeal have reached divergent views on this issue. This confusion has, in turn, contributed to a large number of criminal appeals on this issue. Obviously, the supreme court, not this court, must ultimately resolve this confused state of affairs; however, for whatever benefit it may provide to the supreme court, we now state the rationale for our view and certify the question to the supreme court.
In Adams v. State, 490 So.2d 53 (Fla. 1986), at sentencing upon the defendant's second violation of her probation, the trial court departed from the recommended sentence of any nonstate prison sanction and sentenced her to two consecutive four-year terms of imprisonment. The court set forth the following reason for this departure sentence: "Defendant was previously placed on probation and has twice been found to have violated the terms of her probation." The fifth district affirmed this sentence on the authority of Whitlock v. State, 458 So.2d 888 (Fla. 5th DCA 1984), and Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984). Adams v. State, 474 So.2d 908 (Fla. 5th DCA 1985). The supreme court dismissed the defendant's jurisdictional petition for review of the fifth district's decision, finding no conflict with its opinion quashing the fifth district's decision in Albritton.[1] The Adams opinion seemingly approved the use of two or more violations of probation as a valid basis for a departure sentence in excess of the one-cell increase authorized by the rule based on the following explanation in a footnote:
The fifth district has held that violating probation can be used to bump a sentence to the next single higher cell, but that further departure must be supported by another reason or reasons, Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985), and, also that multiple probation violations can support a departure of more than one cell. Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985).
490 So.2d at 54 n. 2.
Four years later the supreme court in Lambert stated that the issue before it was "whether factors related to violation of probation or community control can be used as grounds for departing from the sentencing guidelines" and held that these factors could not be so used. 545 So.2d at 839. The material facts were that Lambert, while serving a sentence of community control, was charged with violating his probation for striking his girlfriend several times with a fork or knife during an argument and threatening to kill her. He was also charged with striking one of her sons with the same object. The trial court found Lambert guilty of these alleged violations, revoked his community control, and sentenced him to serve concurrent sentences of five and fifteen years on the original charges. The sentence so imposed exceeded the twelve to thirty months' imprisonment authorized under the one-cell increase guidelines sentence. The district court affirmed the trial court's departure sentence on the authority of State v. Pentaude, 500 So.2d 526 (Fla. 1987).[2] The supreme court quashed the district court decision on the following rationale. The supreme court stated that, "If new offenses constituting a probation violation are to be used as grounds for departure when sentencing for the original offense, prior conviction on the new offenses is required" by provisions in rule 3.701(d)(11) because "Policy considerations that mandate conviction prior to departure at an original sentencing are equally applicable to sentencing following *370 probation violation." 545 So.2d at 841. The Lambert opinion further commented that even if the defendant had been convicted of the new offense constituting the probation or community control violation, such offense could not be used as a ground for departure for two reasons. First, where the defendant is sentenced simultaneously for both the original and the new offense, it would violate the court's holding in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), "that departure may not be based upon factors already weighed in arriving at the presumptive sentence." Ibid. The court noted that during simultaneous sentencing, a single scoresheet must be used for all offenses pending before the court, and that status points must be added because the new offense was committed while under legal restraint. Since these added points are used in calculating the presumptive sentence for all offenses disposed of under the score sheet, "To add status points due to legal restraint and to simultaneously depart based upon probation violation constitutes double-dipping." Ibid. The court's opinion then continues:
Second, violation of probation is not itself an independent offense punishable at law in Florida. The legislature has addressed this issue and chosen to punish conduct underlying violation of probation by revocation of probation, conviction and sentencing for the new offense, addition of status points when sentencing for the new offense, and a one-cell bump-up when sentencing for the original offense. It has declined to create a separate offense punishable with extended prison terms. If departure based upon probation violation were to be approved, the courts unilaterally would be designating probation violation as something other than what the legislature intended... . Lambert ... was impermissibly sentenced outside the guidelines where he received a twelve and one-half year departure for the original offenses based upon conduct for which there was no conviction... . Departures are to be affirmatively discouraged.
Accordingly, we hold that factors related to violation of probation or community control cannot be used as grounds for departure. To the extent that this conflicts with our earlier ruling in Pentaude, we recede from our decision there.
545 So.2d at 841-42.
Surprisingly, neither the supreme court's majority opinion nor either dissenting opinion made any reference to the earlier opinion in Adams. Parenthetically, we note that in Adams, although the defendant had been arrested for and had pleaded guilty to various charges of child abuse, petit theft, and possession of cannabis, revocation of community control was apparently based on allegations that Adams had violated certain conditions of community control "by failing to file reports and keep in contact with her supervisor, by falsifying reports (among other things, she never reported her arrests on the other charges), and by failing to perform the required days of community service." 490 So.2d at 54 n. 1. We find no basis for discerning a material distinction between the holdings in Adams and Lambert. While the violations of certain community control conditions in Adams were based on conduct that did not constitute criminal offenses, other violations certainly did. Rather, as we read Adams, its holding was essentially based on the same rationale as was Pentaude, so it is exceedingly difficult to attribute any surviving vitality to the Adams decision after Lambert receded from Pentaude.
About a year after issuing its decision in Lambert, the supreme court issued its opinion on rehearing in Ree v. State, 565 So.2d 1329 (Fla. 1990). In Ree the defendant was alleged to have committed sexual batteries on two minor children during his term of probation. The trial court, which had withheld adjudication on Ree's original charges, revoked his probation, adjudicated him guilty of the initial charges, and sentenced him to imprisonment for ten and one-half years, a six-cell upward departure from the guidelines recommended sentence. Several reasons recited for departure were based on Ree's egregious misconduct during his term of probation. The supreme court held that reliance on such *371 reasons was invalid, stating, "We recently have held that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines. Lambert, 545 So.2d at 842. Accord State v. Tuthill, 545 So.2d 850, 851 (Fla. 1989); Franklin v. State, 545 So.2d 851, 852-53 (Fla. 1989)." 565 So.2d at 1331. Continuing, the court explained:
The rationale for our holding in Lambert is, first, that the guidelines do not permit departure based on an "offense" of which the defendant may eventually be acquitted. Lambert, 545 So.2d at 841 (citing Fla.R.Crim.P. 3.701(d)(11) & accompanying note). Second, even if the defendant has been convicted of the offense, departure is equally impermissible because it constitutes double dipping. The trial court is imposing a departure sentence for probation violation; simultaneously, the guidelines automatically aggravate the sentence for the separate offense that constituted the violation. Id. Finally, violation of probation is not a substantive offense in Florida and cannot be the vehicle for departure under basic policies of the guidelines. Id. at 841-42. Thus, the trial court erred in imposing any departure sentence greater than the one-cell upward increase permitted by Lambert.

Ibid. This interpretation of the Lambert holding leaves no room for any meaningful distinction between violations of probation or community control based on non-criminal offenses and on criminal offenses.[3] After Ree there is simply no basis for according any continued validity to Adams, even though the supreme court has not explicitly overturned it.
This court and the fifth district court of appeal have followed Lambert and Ree and disapproved departure sentences on revocation of probation or community control above the one-cell bump-up authorized in rule 3.701(d)14. Teer v. State, 557 So.2d 911 (Fla. 1st DCA 1990); Pringal v. State, 564 So.2d 285 (Fla. 5th DCA 1990); Maddox v. State, 553 So.2d 1380, 1381 (Fla. 5th DCA 1989) (While two violations of probation for the same offense have been held to be a valid ground for departure in Adams, "we read the language in Ree to mean what it states and to encompass and eliminate the Adams exception (although the opinion in Ree does not cite or discuss Adams.)"). On the other hand, the second district court of appeal has reached a contrary decision by according continuing efficacy to Adams. Williams v. State, 568 So.2d 1276 (Fla. 2d DCA 1990) (according to Adams a second violation of probation is a valid reason for departure, and the rule in Ree has not altered this established rule because the question of a departure sentence based on multiple violations of probation was neither presented to nor ruled upon by the supreme court in Ree; issue certified to the supreme court); Brown v. State, 559 So.2d 412 (Fla. 2d DCA 1990) (multiple violations of probation is a valid reason to support a departure sentence).
We adhere to our decision on this issue in Teer, vacate the departure sentence imposed by the trial court, and remand for resentencing within the guidelines range one-cell increase authorized by rule 3.701(d)14. We certify direct conflict with the cited decisions of the second district court of appeal.
REVERSED AND REMANDED.
JOANOS, J., and CAWTHON, Senior Judge, concur.
NOTES
[1] Albritton v. State, 476 So.2d 158 (Fla. 1985).
[2] In Lambert the supreme court characterized its decision in Pentaude as holding that "where an offense constituting violation of probation is sufficiently egregious, Florida Rule of Criminal Procedure 3.701(d)(14) cannot be read as limiting departure to a single cell." 545 So.2d at 840.
[3] The Franklin decision cited in Ree states:

Upon a violation of probation during a probationary split sentence, a trial court may resentence the defendant to any term falling within the original guidelines range, including the one-cell upward increase. However, no further increase or departure is permitted for any reason.
545 So.2d at 853.