578 So.2d 711 (1990)
Eric IRIZARRY, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 88-2856, 88-2857 and 88-2858.
District Court of Appeal of Florida, Third District.
May 8, 1990.
On Rehearing April 9, 1991.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
COPE, Judge.
Eric Irizarry appeals the sentences imposed upon pleas of guilt to a charge of grand theft and violation of probation. He also attacks the adjudication of guilt on one count of possession of cocaine. We affirm in part and reverse in part.
Irizarry pled guilty to one count of sale of cocaine and two counts of possession of cocaine. He was placed on community control, which he violated in 1987. He was adjudicated guilty of the three cocaine-related offenses, plus a 1987 grand theft, and was sentenced to state prison. In 1988, upon successful completion of boot camp, *712 the court modified the sentences pursuant to paragraph 958.04(2)(e), Florida Statutes (1987), and ordered that the remainder of the sentences would be served on probation. Several months later, on July 28, 1988, Irizarry violated probation by committing another grand theft.
At disposition, Irizarry pled guilty to violation of probation as well as the 1988 grand theft charge. A single scoresheet was prepared and Irizarry was sentenced for all offenses, old and new.
On this appeal Irizarry contends that one of the cocaine offenses should not have been scored. He argues, and the State concedes, that one of the possession counts was based on the sale of the same cocaine, contrary to the rule announced in State v. Smith, 547 So.2d 613 (Fla. 1989), and Blanca v. State, 532 So.2d 1327 (Fla. 3d DCA 1988). Irizarry contends that the conviction and sentence on one of the possession counts must be vacated, and that he must be resentenced under a recalculated scoresheet. We agree in part and disagree in part.
The effect of the guilty plea was to waive any claim of double jeopardy with respect to the convictions involved. Guardado v. State, 562 So.2d 696 (Fla. 3d DCA 1990); see Taylor v. State, 401 So.2d 877, 878 (Fla. 3d DCA 1981); Hines v. State, 401 So.2d 878 (Fla. 3d DCA 1981); Anderson v. State, 392 So.2d 328 (Fla. 3d DCA 1981); Davis v. State, 392 So.2d 947, 949 n. 2 (Fla. 3d DCA 1980). The plea does not, however, foreclose an attack on the sentences which accompany dual convictions for the same act. Guardado v. State; Davis v. State, 392 So.2d at 949 n. 2; Anderson v. State, 392 So.2d at 329. Accordingly, the convictions on the cocaine counts were proper and were correctly included in the scoresheet calculation. However, under the authorities just cited, Irizarry is entitled to have one of the sentences for cocaine possession vacated.
Irizarry next contends that the trial court imposed an impermissible departure sentence. In the present case, Irizarry was sentenced upon revocation of post-boot camp probation, see § 958.04(2)(e), Fla. Stat. (1987), and was simultaneously sentenced for the 1988 grand theft. A category 6 scoresheet was prepared for all pending offenses. See Lambert v. State, 545 So.2d 838, 841 (Fla. 1989).
The new substantive offense and the violation of probation occurred on July 28, 1988. The sentencing guidelines were amended effective July 1, 1988, to provide a "permitted range" as well as "recommended range" for the sentence. Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla. 1988); ch. 88-131, § 1, Laws of Fla. In the present case the recommended range was 2 1/2 to 3 1/2 years, while the permitted range was community control or 1 to 4 1/2 years. With the one-cell increase authorized by Rule 3.701(d)(14), Florida Rules of Criminal Procedure, for probation violation, the recommended range was 3 1/2 to 4 1/2 years, while the permitted range was 2 1/2 to 5 1/2 years.
The trial court imposed guidelines sentences of 3 1/2 years on each of the three cocaine-related counts, 2 1/2 years on the 1987 grand theft,[1] and 3 1/2 years for the 1988 grand theft. However, the court specified that the two grand theft sentences would run concurrently, but that the cocaine-related sentences (while concurrent with each other) would run consecutively to the grand theft sentences. By virtue of the consecutive sentences, there was a departure from the sentencing guidelines. Branam v. State, 554 So.2d 512, 513-14 (Fla. 1990).
The departure order cited defendant's violation of community control and violation of post-boot camp probation as reasons to depart. Irizarry contends that the reasons for departure were invalid under *713 Lambert v. State because the stated reasons relate to the violation of probation.
We first note that the sentencing here occurred prior to the decision in Lambert, so the trial court did not have the benefit of Lambert's interpretation of the sentencing guidelines, and the more recent decision in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989) 1989 WL 139084. Turning to the sentences imposed upon the revocation of probation, Lambert proscribes consideration of the pending post-boot camp probation violation as a reason to depart, since it is already factored into the scoresheet. 545 So.2d at 841. That reason is therefore invalid.
The remaining reason for departure was the 1987 violation of community control. In Adams v. State, 490 So.2d 53 (Fla. 1986), the court held that multiple prior probation violations can be grounds for a departure sentence. Id. at 54 & n. 2, citing Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985); see also DePaul v. State, 505 So.2d 659, 660 (Fla. 2d DCA 1987). The continuing validity of Adams has been called into question by Ree v. State which indicates "that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines." Ree v. State, 14 F.L.W. at 565 (emphasis in original; citations omitted). See also Ellis v. State, 559 So.2d 292 (Fla. 5th DCA 1990); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989). More recently, in Wesson v. State, 559 So.2d 1100 (Fla. 1990), the court reversed a departure sentence where one of the reasons for departure was a prior, apparently unrelated, violation of probation. On the basis of Ree and Wesson, we conclude that the second reason for departure is invalid.[2] There must be resentencing on the probation-related offenses for no more than 4 1/2 years, the maximum of the permitted range of the guidelines including the one-cell increase.
At the same time that the trial court imposed sentence on revocation of probation, it also imposed sentence on the new substantive offense: the 1988 grand theft. As would be permissible in any sentencing on a substantive offense, departure is allowable so long as the grounds for departure are not based on factors already weighed in arriving at the presumptive sentence. See Lambert, 545 So.2d at 841. As already stated, under Lambert the post-boot camp probation violation has been factored into the scoresheet and cannot be used as a ground for departure. Id. at 841-42.
We find, however, that the situation is less clear with respect to the 1987 violation of community control. The concluding portion of Lambert states, "we hold that factors related to violation of probation or community control cannot be used as grounds for departure. To the extent that this conflicts with our earlier ruling in [State v.] Pentaude, [500 So.2d 526 (Fla. 1987),] we recede from our decision there." 545 So.2d at 842. Taken literally, that language would proscribe consideration of earlier, unrelated probation or community control violations as grounds for departure when sentencing for the substantive offense. Both Lambert and Pentaude, however, actually dealt with the use of factors relating to the pending probation revocation which was being disposed of simultaneously with the substantive offense. Lambert focused on the problem of double counting where factors scored on the score sheet are also used as grounds for departure, and concluded that punishment of the pending probation violation is accommodated through the scoring system. Id. at 841.
In our view, a distinct situation is presented where, in sentencing for the substantive offense, the trial court desires to impose a departure sentence based on one or more previous probation or community *714 control violations which are not scored in arriving at the presumptive sentence. Following the reasoning of Adams, we conclude that the prior violation of community control is a proper ground for departure and that the trial court may sentence consecutively for the 1988 grand theft. Because we may have misapprehended the scope of the ruling in Lambert, and because the sentencing issue presented here is likely to recur with frequency, we certify that we have passed on a question of great public importance: whether, in a simultaneous sentencing for probation violation and a new substantive offense, it is permissible to impose a departure sentence for the substantive offense based on one or more prior violations of probation or community control not scored in arriving at the presumptive sentence for the current sentencing?
We reverse the sentencing orders and remand with directions to vacate one sentence for possession of cocaine; to resentence on the remaining cocaine-related counts and the 1987 grand theft count within the sentencing guidelines including the one-cell increase; and to resentence for the 1988 grand theft, which may run consecutively or concurrently with the other sentences.
We affirm in all other respects.

OPINION ON REHEARING
Irizarry has moved for rehearing with respect to the application of the permitted range to resentencing in his case. As Irizarry's point is well taken, we grant rehearing on that issue.
Prior to July 1, 1988, Irizarry was on post-boot camp probation. On July 1, 1988, the newly-created permitted range took effect. Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla. 1988); ch. 88-131, § 1, Laws of Fla. On July 28, 1988, Irizarry violated probation. Our original opinion held that the permitted range could be applied to Irizarry on resentencing, including resentencing on the violation of probation.
Irizarry argues that application of the permitted range upon resentencing for violation of probation would violate the prohibition against ex post facto laws, because the offenses for which he was on probation were committed prior to July 1, 1988. Since on resentencing a new penalty will be imposed for the pre-July 1, 1988 offenses, he argues that the pre-July 1, 1988 guidelines must be applied. We agree.
Two elements must be present for a criminal law to be ex post facto. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). The law must "apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Id. at 29, 101 S.Ct. at 964, 67 L.Ed.2d at 23 (footnote omitted); Miller v. Florida, 482 U.S. 423, 431, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351, 360 (1987); Booker v. State, 514 So.2d 1079, 1082 (Fla. 1987); see Roberson v. State, 555 So.2d 976 (Fla. 1st DCA 1990) (application of the permitted ranges to offenses committed prior to July 1, 1988 violated constitutional prohibitions against ex post facto laws).
In the present case, the acts constituting the violation of probation occurred after July 1, 1988. In a sense it could be said that Irizarry was on constructive notice of the enhanced penalty prior to performing the acts which constituted the violation of probation. However, "violation of probation is not itself an independent offense punishable at law in Florida." Lambert v. State, 545 So.2d 838, 841 (Fla. 1989). Instead, violation of probation results in revocation of probation and resentencing on the original offense. That being so, we conclude that the date of the original offense is controlling for purposes of the sentencing guidelines. See Roberson, 555 So.2d at 979. The trial court may not use the permitted range with respect to the pre-July 1, 1988 crimes for which Irizarry was on probation.
Irizarry also raises a double jeopardy issue. That issue was resolved adversely to Irizarry's position by this court's ruling in Guardado v. State, 562 So.2d 696 (Fla. 3d DCA), review denied, 576 So.2d 287 (Fla. 1990).
*715 As to Irizarry's final point on rehearing, we adhere to our original opinion with respect to the permissible grounds for departure on the new substantive offense. See also Cabrera v. State, 576 So.2d 1358 (Fla. 3d DCA 1991). Contra Maxwell v. State, 576 So.2d 367 (Fla. 1st DCA 1991).
Rehearing granted in part, denied in part.
NOTES
[1] The cocaine-related and 1987 grand theft sentences conformed to the requirements of paragraph 958.04(4)(e), Florida Statutes (1987), which provides, "If the offender violates the conditions of probation, the court may revoke the probation and impose any sentence which it might have originally imposed." Id.
[2] In theory Adams is distinguishable from the situation addressed by Lambert and Ree. In Adams the reasons for departure involved earlier probation violations unrelated to those under consideration at sentencing. The double counting problem addressed in Lambert and Ree does not appear to exist in Adams. In view of the fact that Rule 3.701(d)(14) textually permits departure, and in view of the facts of the cases just cited, there is at least a theoretical basis on which Adams may have continuing validity.