# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0466
Lower Tribunal No. 21-19782
_____

**Jose Diaz,**
Appellant,

vs.

**Miguel Triana Alvarez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Morgan & Morgan, and Brian J. Lee (Jacksonville), for appellant.

Wicker Smith O'Hara McCoy & Ford, P.A., and Alyssa M. Reiter (Ft. Lauderdale), for appellees.

Before LOGUE, C.J., and BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed. City of Gainesville v. Rodgers, 377 So. 3d 626, 631 (Fla. 1st DCA 2023) ("For a verdict to be against the manifest weight of the evidence to warrant a new trial, the evidence must be clear, obvious, and indisputable; where there is conflicting evidence, the weight to be given that evidence is within the province of the jury."); Holmes v. Redland Constr. Co., 557 So. 2d 911, 912 (Fla. 3d DCA 1990) (holding evidence of a different personal injury claim was relevant because it tended to show that plaintiff's presently claimed injuries resulted from another accident); § 90.806(1), Fla. Stat. (2024) ("When a hearsay statement has been admitted in evidence, credibility of the declarant may be attacked and, if attacked, may be supported by any evidence that would be admissible for those purposes if the declarant had testified as a witness."); Araujo v. Winn-Dixie Stores, Inc., 290 So. 3d 936, 941 (Fla. 3d DCA 2019) ("The record does not show that [plaintiff]'s counsel at any point asked for curative instructions regarding [defense counsel's closing argument] comments, or that comments actually objected to—in combination with those that were unobjected to throughout trial and closing—were so improper, harmful, and incurable that the comments damaged the fairness of the proceedings such that the public's interest in our system of justice requires a new trial.").